Good morning, Your Honors, and may it please the Court, Brianna Mircheff on behalf of Vince Wilson. Your Honors, I intend to reserve about three minutes of my time, but I'll watch my own clock. In 2014, the Sentencing Commission reduced sentencing drug ranges by two levels across the board. Mr. Wilson's guideline range went, at the low end, from 292 to 235 months, a reduction of 57 months. But Mr. Wilson saw only five months' worth of that reduction. The question presented in this case is whether the District Court had the authority to reduce the sentence further to grant him the full measure of relief that the Sentencing Commission intended to give him. We think the answer is yes, and we'd ask the Court to vacate and remand. Isn't there a difference between the Court having authority and the Court, at the time, when there was a stipulation before it, and whether the Court erred in the sentence that it ultimately imposed based on the stipulation by the parties? Because that sentence was a within-guideline sentence, correct? Well, it is not within-guideline sentences right now, because we have the 237 plus the consecutive 52 months. So at the time, let's see, when it reduced to a total of 347 months, is that correct? That was what the stipulation was. And so the range was between 347 to 405 months. And so, per the stipulation, the 347 months was imposed. Do I have that wrong? The numbers are always confusing. And the numbers are particularly hard here. In my brain, I separate out the 924C, because that's the consecutive 60-month sentence, right? Well, I'm just looking at the stipulation. So the stipulation said counts 1 to 11, guidelines range 235 to 293. And with counts 12 and 13, the overall range was 347 to 405. And the parties recommended 347 months. And that's what the district court imposed. So that stipulation didn't recognize that count 13 was also based on 2D1.1. The stipulation was wrong, but no one objected. Or it could have been better, but no one objected. And the district court did what the party submitted. Isn't that right? Well, Mr. Wilson objected. He filed a motion to reconsider, pointing out this error to the court, saying that count 13 was also based on 2D1.1. And what was the app? Was the app during the hearing? Did he object during the hearing? There was no hearing. The federal defender entered that stipulation on his behalf, didn't speak to him before they did that. And so, if he got notice of this, he files a pro se objection and says, you missed count 13. And because of that, I'm not getting the full range of what I'm entitled to. Because the original stipulation did not include count 13, which was also based on 2D1.1. Let's just say arguendo that we agree with your points about the, I guess it's count 12 being included. Not 12, but everything should have been included and also the consecutive issue. I'm concerned about how you get around Judge Hatter's alternative ruling. He said, even assuming that this is right, he's not going to change it. He referred to the 3553 factors. He referred to the United States versus Dunn. As you know, Judge Hatter is a very experienced judge. He also is a former civil rights lawyer. He's no crazy guy. He really, you know, he had people's interests at heart. And he's saying, hey, you know what? This is discretionary. I'm not doing this. How do you get around that? We've made two legal arguments in the brief. Before I get to those legal arguments, though, I do want to make a practical point here. If Mr. Wilson is legally eligible and Judge Hatter denied indiscretion, then under Trujillo, Mr. Wilson could go back to court and say, now my discretionary factors have changed and we'd be right back in the same situation again. And so I would urge the court not to rule on that alternative basis alone. Okay, let me understand. So you're saying that Trujillo trumps the alternative ruling here? It doesn't trump the alternative ruling, but what it recognizes is that discretionary factors change over time. Okay, but any good lawyer like you can raise any argument about anything that a prisoner has. I mean, this is an ongoing situation that able lawyers can do. So no matter how we rule today, you can go back for another bite of the apple on some basis. I guess I'm not troubled by the fact that Trujillo might give you another bite of the apple, but I still need to know, since this is discretionary on the part of the sentencing judge and this judge weighing the facts and the law as he understood them, says, you know, I'm not changing this. This is what I think is appropriate and as you know better than I do perhaps, the 3553A gives the judge a lot of discretion. It does indeed, Your Honor, but the district court has to actually exercise that discretion. So the two arguments, legal arguments we've raised, one is in analogies to Munoz-Camarena, right? Munoz-Camarena says we don't let district courts simply say, well, whatever the guideline would have been, this is the sentence I would have imposed. They have to start from the guideline and work from there. But he referred to them. I mean, Ed, I'm sure you would agree that the Supreme Court's been clear and we have as well that you don't have to go down and hike verify and refer to all of the factors. You have to show that you've taken them into consideration and he expressly referred to them. What more is required? Does he have to say, I'm considering this factor and that factor and this other factor? Well, for example, there's no mention in the order at all of the discretionary mitigating factors that Mr. Wilson raised. Not one. There's not stated in the statement of facts. There's no analysis whatsoever. But he says, even assuming, arguendo, that Wilson is eligible for a sentence reduction on his 922G1 conviction under Amendment 782, which I think we can assume, arguendo, he has taken into account the very factors that you're talking about. Well, a similar statement was made in the Trujillo case and the court said that wasn't a sufficient explanation because there was no mention of the mitigating factors at all. And here again, another important salient fact here is that the government's brief did not make any arguments that it should be denied in discretion. It said it was legally ineligible. So it wasn't that the district court could have been relying on the government's analysis of the 3553A factors. There's no statement whatsoever of a significant amount of mitigation here. Do you want to save the balance of your time? It's up to you, but you're down to two minutes and 17 seconds. Okay. I'm sorry there's not more time on this, but Ms. Holt, do you want to make the government's argument, please? Thank you, Your Honors. Good morning. Meryl Holt for the United States. May it please the court. I'd like to start from the point that the court focused on on the outset, which is the defendant's claim that this case is about the district court's failure to understand its authority to further reduce the defendant's sentence under Section 3582C2. The plain language of Section 3582C2 makes clear that the defendant was ineligible for a further reduction based on Amendment 782 because he was not serving a sentence based on a sentencing range that had been subsequently lowered by the Sentencing Commission. In 2015, the district court had already agreed to reduce the defendant's sentence to a total of 347 months of imprisonment, and it was explicit that in doing so, that reduction was based on Amendment 782. Was that a within-guidelines sentence? The opposing counsel said that wasn't a within-guidelines sentence, but that was what the party stipulated. Yes, Your Honor. The government agrees with the calculations that were presented by this court. It was, at the low end, 347 months. That, of course, includes the 16 months on the 924C. So it's 235 months, which was the low end applied to Counts 1 through 11, which were the only counts that were affected by Amendment 782. And it is the case that the defendant effectively came back to the district court once again to seek further relief based on Amendment 782 when he was no longer eligible for that. As cases such as Derry and Okafor set out, the operative sentence for purposes of defendant's second request for a sentence modification was the one imposed in 2015. Counselor, if Trujillo is not jurisdictional but rather is a claims processing rule and the government didn't argue that, have you waived the right to argue that Wilson couldn't seek a second modification? No, Your Honor. As an initial matter, this court can affirm on any basis supported by the record, but the government did not forfeit or otherwise waive its argument based on the plain language of Section 3582C2. The government's brief below addressed and challenged the mechanism that defendant was using, which was Section 3582C2 to attack his sentence, making the primary argument that it was more appropriate to do so under Section 2255, a habeas petition. But the fact that the district court declined to deny or dismiss the defendant's motion on that basis does not now preclude the government from arguing based on the plain text of 3582 before this court. There was no waiver here. And again, it is a seminal rule that this court can affirm on any basis in the record as far as the district court's order is concerned. Can I ask a question here about the procedural history? So as a district judge, we've dealt with hundreds and hundreds of these 782 amendments and issues and resentencings. And basically, it's a huge paper exercise where the prosecutors and the federal public defenders get together and they meet, they generate from some database lists of people who might be eligible. I think they're mostly looking for people who would be eligible for release under time served. And so the document that they put together has like 230 names that they've gone through and made some mechanical adjustments. But from what I can tell, it doesn't look like they actually considered the fact that count 13 had been originally grouped with the other counts at the initial sentence. And so to me, it looks like an oversight on behalf of the government and the FPD. And I'm especially concerned because the record isn't really clear to me that Mr. Wilson knew that he was represented by counsel, that he had his counselor communicated with him about the plan to seek a two level reduction without anything further being said. Do you have any light you can shed on those concerns for me? Your Honor, I think as an initial matter, the government's position is that there was no error in stipulating that only counts one to 11 were affected by amendment 782. And this is the case under this circuit's binding precedent in Aguilar-Concha. This court has held that a consecutive sentence is not a guidelines decision as the defendant would suggest. It is a decision that is not subject to modification under section 3582C2. And on the question of the degree to which the defendant consulted with his attorneys who are representing him in this matter and who stipulated with the government in this case, the government's view, the government's position again is there was no error here. This was correct as a matter of law. But it's also the case that there's no developed record or briefing on that issue. So it's really impossible to evaluate. In terms of the question really that gets to Aguilar-Concha, Aguilar-Concha illustrates the real world effects that the structure of a sentence can have, particularly when there is a subsequent guidelines amendment. The court chose to run the sentence consecutively here and in doing so was very focused, as is evident from the sentencing transcript, on the factors and aggravation. The fact that the defendant was engaged in a wide-ranging drug conspiracy, that he recruited a young woman to do his bidding, and the furtherance of that scheme, that he possessed multiple firearms. And this is set against a backdrop of an extensive criminal history that involved firearms. And so a choice was made to run the sentence consecutively. That was deliberate, and so it's simply the case that now we're in the limited world of a sentence modification proceeding. And the district court doesn't have authority to reconsider that choice. The fact that it might have been different had the defendant been at a total base defense level of 36 back in 2006 when he was originally sentenced is not the inquiry before this court. The Supreme Court has been clear and done that 3582C2 allows for only a limited adjustment to an otherwise final sentence. I'd like to now turn to the matter of the court's exercise of discretion, unless there are further questions with regard to ineligibility. Even assuming that the defendant was eligible for a further sentence reduction, under Amendment 782, the district court made more than sufficient findings to deny as a matter of discretion the defendant's request in this particular case. Under the Supreme Court's decision in Chavez Mesa,  to explain its reasons for imposing within guidelines sentence. And here it did really more than was required under Chavez Mesa. It noted that it had considered the party's arguments. It had considered the 3553A factors. And then it actually provided a specific reason for denying the request, which was the nature of defendant's crimes. And this court's precedent in CARTI makes clear there's no mechanical requirement to tick through the 3553A factors. It actually is fully consistent with the binding case law that the court would not necessarily have felt the need to explicitly reference the sole argument and mitigation that was present here, which was the purported post-sentencing rehabilitation. Because it was so clearly outweighed by the aggregating factors present in the case and the nature of the defendant's crimes. It's also quite clear that the district court was well acquainted with the record at this point, the full record. The judge in question had already considered the initial sentence modification request and then the successive motions filed. And for all of these reasons, the government would respectfully ask that this court affirm on both bases presented in the district court order. Thank you. Thank you very much. All right, Ms. Marcia, you have rebuttal. Sure. So I want to point out what the government said. They said Mr. Wilson got the low end if count 13 is outside of 2D1.1. Under the PSR, it was not. It was clearly grouped into and calculated under 2D1.1. So I think Judge Brattle is right. There was a mistake made in the first proceeding. Then the question becomes, is there anything that prevents the court from fixing that as a matter of law? We simply don't think that there is. On the matter of Aguilar-Conche, Aguilar-Conche says that the district court cannot consider unrelated sentencing decisions. Now, my opponent says that the decision to run the sentence consecutive was somehow to impose an additional punishment. Judge Hatter states in his order itself at ER2 that the choice to run the sentence consecutive was driven by the fact that the sentence had bumped up against the statutory maximum. It wasn't some sort of, as in some of the other cases. I'm going to send a message by running the sentence consecutive. So here we have a case where the original decision to run consecutive was based on the guidelines. It was based on 5G1.2, where the amendment changed... Excuse me. I want to be sure I understand. You're saying that the concurrent nature of the sentence was based on the guidelines? The consecutive nature of the 922G sentence, yes, was based on the guidelines. Under 5G1.2, if you hit up to the statutory maximum and your guideline range is above that, you have to add part of the sentence consecutive so that you can get to the guideline range. And that's what the court did in this case? And that's what the court did in this case. And that's what Judge Hatter found the court did in this case. Now, I want to point out the absurdity of the government's rule. Had Mr. Wilson been charged with a more serious offense and had the statutory maximum been 40 years, for example, or life, as most drug charges are, then the guidelines would have told the district court to impose 292 on counts 1 to 11, a concurrent term on the gun count, and it would have been clear to everybody that the guidelines should have come down from 292 to 235. But somehow, because Mr. Wilson was charged with a less serious offense, the government's rule would say that the district court has no authority to give Mr. Wilson the full remedy that the Sentencing Commission intends that he should have had. We think that's a mistake, and we'd ask the court to send it back. Thank you. All right. Thanks to both counsel. You're very, very good lawyers, and we appreciate your help in this case. Case of United States v. Wilson is submitted.
judges: M. Smith, Ikuta, Vratil